IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CASEY M. RIGSBY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 20-CV-294-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Casey M. Rigsby ("Rigsby") (Doc. 1). Within the motion, Rigsby moves to vacate his conviction and sentence in the underlying criminal matter arguing that his guilty plea to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), was invalid considering *Rehaif v. United States*, __U.S. __, 139 S.Ct. 2191 (2019). For the reasons set forth below, the motion is denied.

### FACTUAL & PROCEDURAL BACKGROUND

On September 21, 2011, a federal jury indicted Rigsby with a single count of possession of a firearm by a felon in violation of Title 18 U.S.C. §922(g)(1). (Doc. 1 of SDIL Case No. 11-CR-30164-SMY) (hereafter referred to as "CR Doc.").

On March 22, 2012, Rigsby pleaded guilty before the Court pursuant to a written plea agreement. (CR Doc. 41). The District Judge accepted the guilty plea, adjudicated him guilty, and set the case for sentencing. (CR Doc. 40). On June 28,

2012, the Court sentenced Rigsby to a prison term of 10 years. (CR Doc. 50). Rigsby directly appealed his sentence (CR Doc. 56), and the Seventh Circuit affirmed. (CR Doc. 70).

In July 2019, Rigsby filed a motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (CR Doc. 76), which was denied on November 14, 2019. (CR Doc. 80). In December 2019, Rigsby filed a motion for relief under *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (CR Doc. 81). He was appointed counsel who requested to withdraw, because any potential relief under *Rehaif* needed to be addressed in a habeas motion pursuant to 28 U.S.C. § 2255. After Rigsby filed the instant motion, the request to withdraw was granted and Rigsby's first *Rehaif* motion was terminated. (CR Doc. 101). On March 19, 2020, Rigsby filed the instant *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 1). The motion is timely under 28 U.S.C. § 2255 (f)(3).[1]

In this motion, Rigsby argues under *Rehaif* that he was not aware of his status as a felon. Rigsby further argued that he can show "cause and actual prejudice", or he is "actually innocent", excusing his procedure default in failing to bring this issue on direct appeal. In December 2020, the government filed its response to Rigsby's § 2255 motion. (Doc. 8).

---

[1] Generally, § 2255 filings are subject to a one-year time limitation that tolls starting from the latest of multiple dates, one of which is, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" 28 U.S.C. § 2255(f)(3). Here the Supreme Court decided Rehaif on June 21, 2019, and Rigsby timely filed this § 2255 motion less than a year later on March 19, 2020.

## LEGAL STANDARD

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013); *Accord Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (§ 2255 relief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect that inherently resulted in a complete miscarriage of justice); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) ("relief under 28 U.S.C. § 2255 is reserved for extraordinary situations"). Section 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

## ANALYSIS

The instant motion is deficient, and for the reasons explained below, the Court dismisses Rigsby's claim in its entirety.

In *Rehaif*, the United States Supreme Court held that to obtain a conviction under § 922(g), which prohibits certain categories of persons from possessing a

firearm, the government must prove "that the defendant knew that he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Thus, for defendants charged under § 922(g)(1), which applies to felons, the government must prove, or the defendant must admit, "that he knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020) (quoting 18 U.S.C. § 922(g)(1)).

Any argument that Rigsby did not know he had been convicted of a crime punishable by imprisonment for more than one year at the time he possessed the firearm would not be plausible. *See United States v. Williams*, 946 F.3d 968 (7th Cir. 2020). Rigsby has several felonies convictions and was on felony probation at the time of his arrest. As in *Williams*, Rigsby pleaded guilty, and the Court made sure it was done willingly and knowingly. In fact, the transcript of the relevant portion of the plea hearing went as follows:

> THE COURT: In this case the Government has to prove certain things against you that are listed in your plea agreement at page four. There are three of them. You don't have to prove or disprove anything. They have to prove, first, that before July 15th of 2011 you had been convicted of a crime that was punishable by a term of imprisonment of more than one year. Second, that on July 15th of 2011 you knowingly possessed the firearm described in the Indictment, and third, that that firearm, sometime before your possession, had traveled in interstate commerce. Do you agree the Government can prove those three things against you beyond a reasonable doubt?
>
> RIGSBY: Yes, sir.

(CR Doc. 104). Rigsby also signed a stipulation of facts stating "[Rigsby] tried to conceal the firearm to avoid police detection of his possession of the firearm and ammunition because he is prohibited from possessing firearms as a convicted felon." (CR Doc. 42). The evidence is clear and uncontroverted that Rigsby admitted that he knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, thus putting to rest any argument under *Rehaif*.

For the same reasons, Rigsby procedurally defaulted his claim. Issues not raised on direct appeal are procedurally defaulted and may not be raised in a § 2255 motion, unless an inmate shows cause for the default and actual prejudice, or that he is actually innocent of the crimes of which he was convicted. *Bousley v. United State*, 523 U.S. 614, 622-24 (1998). To show actual innocence, an inmate must show "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone v. United States*, 889 F.3d 898, 906 (7th Cir. 2018).

Rigsby failed to raise his *Rehaif* argument in his criminal proceedings or on direct appeal. Rigsby also failed to show prejudice or actual innocence, as there is ample evidence that Rigsby knew of his felony status at the time of his arrest. He therefore cannot show that it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt.

## Conclusion

For the reasons set forth above, Casey M. Rigsby's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Court **DECLINES** to issue a certificate of appealability. The Clerk of Court shall

enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  September 23, 2022**

<u>*s/ Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
